HELLER-RICKARDS, INCORPORATED, v. SOLOMON BERLA
ET AL.

Argued October term, 1925—Decided March 16, 1926.

**Common Carriers—Insurer of Safety of Goods—Goods Delivered
by Truck Driver—Alleged Negligence in Piling Goods in
Cellar of Consignee—Held, Question One of Fact.**

On appeal from the First District Court of Newark.

Before Justices PARKER, MINTURN and BLACK.

For the defendant-appellant, *Philip J. Schotland.*

For the plaintiff-appellee, *Harry Silverstein.*

PER CURIAM.

This action was tried in the First District Court of Newark
without a jury, and judgment went for the plaintiff for
$270.75.

The plaintiff corporation, engaged in the trucking business,
brought this action to recover charges for carting and de-
livering certain boiler sections (weighing one thousand nine
hundred pounds each) from the railroad yard to the cellar of
a building in course of construction, for which building the
defendant had the heating contract.

The plaintiff delivered the boiler sections on a Saturday
afternoon, in the absence of the defendant, who first learned
of the delivery on the following Monday. The sections, as
delivered, were placed in the basement of the building on an
uneven floor, by piling one on top of the other. On Monday
morning following, the section next to the ground was found
to be broken. The defendant counter-claimed for $281.53
damages, alleged to have been caused by negligence in hauling
and delivering the boiler parts.

The defendant contends that the plaintiff is a common carrier, liable as an insurer, and that the court therefore erred in overruling the counter-claim. The court found: "When the sections were delivered, unloaded, placed and left by the plaintiff they were all in good condition. * * * The break was occasioned because the lowest section was lying on uneven ground, and the weight superimposed had been too much for the lowest section to sustain on the uneven ground."

The evidence did not show the extent of the unevenness of the ground, but there was enough in the case to enable the court, sitting as a jury, to reasonably infer it. The court found no negligence upon the plaintiff's part, and since the situation presented a question of fact, we are not inclined to disturb the finding of the trial court.

The judgment will be affirmed.